No. 96-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA, ex rel. MOLLY MAFFEI,
as Guardian ad Litem for RICKY W. KOSKI,
a minor,

Relator

v.

MONTANA SECOND JUDICIAL COURT, SILVER BOW
COUNTY, and the HONORABLE JUDGE JAMES PURCELL,
presiding District Judge,

Respondents.


ORIGINAL PROCEEDING


COUNSEL OF RECORD:

For Relator:

William P. Joyce; Burgess, Joyce, Starin
& Whelan; Butte, Montana

Frank J. Joseph; Attorney at Law;
Butte, Montana

For Respondent:

Gary L. Walton; Poore, Roth & Robinson;
Butte, Montana (for Defendant Public
Housing Authority)

Submitted on Briefs: January 16, 1997

Decided:     March 18, 1997

Filed:


_____
Clerk


Justice Terry N. Trieweiler delivered the Opinion of the Court.

On August 28, 1996, Mollie Maffei, as Guardian ad Litem for Ricky W. Koski, filed an application with this Court for a writ of supervisory control.  In her petition, Maffei sought review of an order of the District Court for the Second Judicial District in Butte-Silver Bow County which allowed the defendant, Public Housing Authority of Butte, to amend its answer and allege a nonparty defense pursuant to  27-1-703(6), MCA.  On October 17, 1996, this Court accepted supervisory control for the purpose of determining the constitutionality of the District Court's order.  We now reverse that portion of the District Court's order which allowed the Public Housing Authority to assert a nonparty defense and remand the case to the District Court for further proceedings consistent with this opinion and order.

## FACTUAL BACKGROUND

On July 3, 1992, Ricky Koski, then four years old, was struck by a motor home on Arizona Street near the Silver Bow Homes housing complex in Butte.  At the time of the accident, Ricky was a tenant of Silver Bow Homes, which is owned and operated by the defendant Public Housing Authority of Butte.

On February 8, 1994, Mollie Maffei, as Guardian ad Litem for Ricky, filed a complaint in the Second Judicial District Court against the Public Housing Authority, the driver of the motor home, the State of Montana, and Butte-Silver Bow County.  The plaintiff settled with the driver of the motor home and the State of Montana, and the District Court dismissed both parties.  In addition, the District Court granted Butte-Silver Bow County's motion for summary judgment and dismissed it from the suit.

The plaintiff filed an amended complaint against the Public Housing Authority on March 20, 1995.  The Housing Authority's answer did not include a specific nonparty defense, and it did not amend its pleadings to allege such a defense by the discovery deadline set by the District Court.  Nevertheless, the District

Court, in a pretrial order addressing the plaintiff's motion in limine, allowed the Housing Authority to assert a nonparty defense, pursuant to 27-1-703(6), MCA. The plaintiff has petitioned this Court to reverse that portion of the court's order which allowed the Housing Authority to assert a nonparty defense.

## DISCUSSION

On November 22, 1996, after the District Court entered its order which allowed the Butte Public Housing Authority to assert a nonparty defense pursuant to 27-1-703(6), MCA, this Court issued its decision in State ex rel. Plumb v. District Court (Mont. 1996), 927 P.2d 1011, 53 St. Rep. 1187. In Plumb, we held that 27-1-703(6), MCA, violated substantive due process to the extent that it allowed apportionment of liability to parties who were not named in the pleadings and did not have the opportunity to appear and defend themselves. Plumb, 927 P.2d at 1021, 53 St. Rep. at 1194-95. We therefore held that portion of the statute unconstitutional pursuant to Article II, Section 17, of the Montana Constitution. Plumb, 927 P.2d at 1021, 53 St. Rep. at 1195. Maffei now contends that, in light of our decision in Plumb, this Court must reverse that portion of the District Court's order which allowed the Public Housing Authority to assert a nonparty defense pursuant to 27-1-703(6), MCA.

In Plumb, this Court stated:
[W]e conclude that that part of 27-1-703, MCA (1995), which allows apportionment of liability to parties who are not named in the lawsuit and who do not have an opportunity to appear and defend themselves (specifically, the quoted portion of subparagraph (4) and all of subparagraph (6)), is not rationally related to the legitimate government objective of fairly apportioning liability among parties based on the degree to which their negligence contributes to another person's injuries . . . .

Plumb, 927 P.2d at 1021, 53 St. Rep. at 1194-95 (footnote omitted).

Notwithstanding our holding in Plumb, the Housing Authority contends that the District Court's decision should be affirmed because evidence of Koski's parents' negligence is admissible for other reasons. The Housing Authority contends that Koski's parents were negligent by failing to properly supervise their child and that that negligence was an intervening and superseding cause of Koski's injuries. The Housing Authority contends that the jury has a right to consider whether the causal link between its alleged negligence and Koski's injuries was severed by his parents' negligent conduct.

In light of our specific holding that subparagraph (6) of 27-1-703, MCA, is unconstitutional pursuant to the Montana Constitution, we now hold that the Second Judicial District Court

erred when it permitted the Housing Authority to assert a nonparty defense pursuant to that statute.  We further hold that whether the evidence of a third party's negligence is admissible on some other basis is a matter better left in the first instance to the discretion of the District Court and therefore, will not be reviewed by this Court pursuant to our original writ of supervisory control.  We remand this case to the District Court for further proceedings consistent with this opinion.

ORDER

Based on the foregoing opinion,

IT IS HEREBY ORDERED that that portion of the District Court's order which permitted the Public Housing Authority to assert a nonparty defense, pursuant to  27-1-703(6), MCA, is REVERSED.  This case is remanded to the District Court for further proceedings consistent with this opinion.

The Clerk of Court is directed to mail a true and correct copy of this opinion order to all parties of record and to the District Court for the Second Judicial District in Butte-Silver Bow County.

DATED this 18th day of March, 1997.


/S/   TERRY N. TRIEWEILER


We Concur:

/S/   J. A.  TURNAGE
/S/   JIM REGNIER
/S/   WILLIAM E. HUNT, SR.
/S/   W. WILLIAM LEAPHART